UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                              Bankruptcy No. 12-30474
                                                                    Chapter 7
Jamie Wenstrom,

        Debtor.
_____/

**MEMORANDUM AND ORDER**

Chapter 7 Bankruptcy Trustee Gene Doeling filed an objection to the homestead exemption Debtor Jamie Wenstrom claimed on Schedule C of her bankruptcy pleadings. Specifically, the Trustee asserts that Debtor did not have a recognizable homestead interest in the homestead property at the time she petitioned for bankruptcy relief because her former spouse, Wayne Wenstrom, was awarded sole and exclusive ownership of the property in an order entered in their divorce case shortly before she filed her bankruptcy petition. The Court held a hearing during which it received evidence and heard argument on the objection. For the reasons provided below, the Trustee's objection is overruled.

    I.    **FINDINGS OF FACT**

Prior to their separation, Debtor lived with her former spouse, Wayne Wenstrom, and their children at 2510 County Road 140, Mandan, North Dakota (2510 Property) for approximately seven years. Despite the amount of work required to maintain the "old farm house," Debtor enjoyed living there.

In June or July 2011, the couple separated and Debtor moved from the 2510 Property to 209 Independence Avenue, Bismarck, North Dakota. Some of Debtor's

1

personal property, including her horses and a lawnmower, remained at the 2510 Property for months after she moved. Debtor filed for divorce in late 2011. Since the couple separated, Debtor has never moved back to the 2510 Property.

At the hearing on the Trustee's objection, the Trustee questioned Debtor about her testimony at a January 2012 divorce proceeding during which she answered questions regarding the 2510 Property. At the bankruptcy hearing, like the divorce proceeding, Debtor explained that it was unrealistic for her to live alone at the 2510 Property because the "old farm house" required a high level of maintenance. Water had to be pumped into the basement for use in the house, the power shut off frequently and the generator was difficult to start. She also stated that her husband maintained a shop on the property. For these reasons, Debtor suggested that Mr. Wenstrom "remain" in their marital home. In her words, the divorce court awarded the 2510 Property to Mr. Wenstrom "because that is how I asked that it be done." She clarified, however, that she was entitled to a share of the equity in the homestead. Specifically, she requested an award of $30,000, and now seeks to exempt this sum, because the couple initially made a $60,000 down payment on the home and she believed she should receive half of that equity.

The Proposed Findings of Fact, Conclusions of Law, and Order for Judgment (divorce order for judgment), filed in Morton County District Court on May 10, 2012, conformed with Debtor's proposals. It provides, in pertinent part:

> 13. <u>MARITAL HOME</u>: Wayne shall receive sole and exclusive ownership of the home of the parties [*sic*] property located at 2510 County Road [ ], Mandan, North Dakota . . . .
> Immediately upon entry of the Judgment herein, Jamie shall sign a Quit Claim Deed, transferring her interest in the real estate to

2

> Wayne. If he is so able, Wayne shall refinance the home within ninety (90) days of the entry of judgment. The real property described above has been valued at $200,000.00 with a mortgage against the same of $140,000.00. Jamie shall be entitled to and receive an award for the net homestead proceeds in the amount of Thirty Thousand Dollars ($30,000.00), minus the costs of refinancing the home, and which shall be payable by Wayne, in full, no later than two years following the entry of judgment herein. Wayne agrees to hold Jamie harmless from any liabilities due thereon, including, but not limited to the mortgage note, and insurance and/or taxes on the real property which he agrees to assume and pay.

The divorce order for judgment was amended and approved by the Morton County District Court on June 1, 2012, and filed on June 5, 2012. The provisions relating to the marital home remained unchanged. Judgment was entered on June 12, 2012.

On June 11, 2012, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. She filed accompanying schedules on July 2, 2012. On Schedule A, Debtor listed the 2510 Property with a current value of $200,000. On Schedule C, Debtor claimed $30,000 of equity in the 2510 Property exempt under N.D.C.C. §§ 47-18-01 and 28-22-02(7), North Dakota's homestead exemption statutes.

Debtor has not yet received the $30,000 awarded to her. Based upon the Trustee's request, she has not transferred a quit claim deed in the 2510 Property to her former spouse, which has prevented him from refinancing it. During the hearing on the objection to exemptions, Debtor was not asked and did not indicate how she intended to use the money when she received it.

## II.  CONCLUSIONS OF LAW

The filing of a petition for bankruptcy relief creates a bankruptcy estate that is comprised of all the debtor's legal and equitable interests in property. 11 U.S.C. §

3

541(a)(1). Section 541(a)(1) is a broad statute, providing that the estate encompasses all apparent interests of the debtor. In re Murphy, 292 B.R. 403, 407 (Bankr. D.N.D. 2003) (citing Armstrong v. Peterson (In re Peterson), 897 F.2d 935, 936 (8th Cir. 1990)). The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b)(1). "Exempt property is excluded from property of the estate available to satisfy debts." Benn v. Cole (In re Benn), 491 F.3d 811, 813 (8th Cir. 2007). Section 522(b)(2) authorizes states to opt out of the federal scheme of property exemptions enumerated in section 522(d). Exercising this grant of authority, North Dakota enacted its own set of property exemptions for purposes of bankruptcy, limiting its residents to claiming the state exemptions rather than the federal exemptions. See N.D.C.C. § 28-22-17.

In Schedule C, Debtor claimed $30,000 equity in the homestead exempt under section 47-18-01 of the North Dakota Century Code. N.D.C.C. § 47-18-01. Section 47-18-01 provides, in relevant part:

> The homestead of any person, whether married or unmarried, residing in this state consists of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed one hundred thousand dollars in value, over and above liens or encumbrances or both.

N.D.C.C. § 47-18-01.

"The intent of the homestead exemption is to place designated homestead property out of the reach of creditors while it is occupied as a home." In re Murphy, 292 B.R. at 407 (citing Farstveet v. Rudolph, 2000 ND 189, ¶ 11, 630 N.W.2d 24)); In re Morlock, 364 B.R. 684, 686 (Bankr. D.N.D. 2006). Strong public policy supports the

4

statutory provisions providing for the exemption of homestead property.  In re Lippert, 113 B.R. 576, 578 (Bankr. D.N.D. 1990).  As the North Dakota Supreme Court explained:  "Homestead rights are not easily lost, and traditionally we have jealously protected such rights."  Farstveet, 2000 ND 189, ¶ 31, 630 N.W.2d 24.  Accordingly, the homestead exemption is liberally construed in favor of debtors.  In re Morlock, 364 B.R. at 686; In re Murphy, 292 B.R. at 407; In re Hankel, 223 B.R. 728, 731 (Bankr. D.N.D. 1998); see generally Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th Cir. 1991) (recognizing the general rule that exemption statutes are construed liberally in favor of the debtor).

Consistent with the public policy supporting a debtor's right to exempt property, the objecting party carries the burden of showing that an exemption is not properly claimed.  Fed. R. Bankr. P. 4003(c).

> A. Debtor was not divested of her equitable interest in the homestead on the date she petitioned for bankruptcy relief.

In support of his objection to Debtor's homestead exemption, the Trustee argues that Debtor was divested of her interest in the 2510 Property on May 10, 2012, when the state court signed the divorce order for judgment awarding the sole and exclusive ownership of the property to Mr. Wenstrom.  He further maintains that holding bare legal title, such as the quit claim deed in this case, is not sufficient to support her $30,000 homestead exemption.  Br. in Support of Trustee's Obj. to Claim of Exemption at 2-4 (citing Fandrich v. D & S Hydraulics Co. (In re Fandrich), 63 B.R. 250, 252-53 (Bankr. D.N.D. 1986)).

5

Debtor's exemptions, including her homestead exemption, are determined as of the time of the bankruptcy petition filing. In re Peterson, 897 F.2d at 937. On the date of petition, the judgment in the divorce case had not been entered and Debtor had not yet quit claimed her interest in the 2510 Property to Mr. Wenstrom. Under North Dakota law, a divorce action is not complete and a judgment is not final or effective until judgment is entered. See Jochim v. Jochim, 2006 ND 186, ¶ 10, 721 N.W.2d 25[1]; see also State ex rel. North Dakota Dep't of Labor, for Benefit of Fair Housing of Dakotas v. Reimers, 2008 ND 191, ¶ 21, 757 N.W.2d 50 ("Rule 58 N.D.R.Civ. P., and this Court's precedent, confirm that an order for judgment is not effective until the clerk of court signs and files the judgment."). Accordingly, Debtor held both the equitable and legal interest in the homestead at the time she filed her bankruptcy petition. See In re Fandrich, 63 B.R. at 254 (noting that the divorce decree [which was entered before debtor filed his bankruptcy petition] bifurcated the legal interests in the home, leaving

---

[1] In Jochim, the North Dakota Supreme Court rejected the Estate of Greg Jochim's claim that an order of judgment together with the parties' stipulation regarding all issues except child support constituted the granting of a divorce. Jochim, 2006 ND 186 at ¶ 10. The court opined:

> Although an order for judgment is required before a valid judgment can be entered, alone it is not sufficient to make a divorce final and does not conclude the proceedings. N.D.R.Civ.P. 58 (order for judgment required before judgment entered). A judgment includes any order from which an appeal lies. N.D.R.Civ.P. 54(a). An order for judgment is not appealable. See N.D.C.C. § 28-27-02 (what orders are appealable); Koehler v. Cnty. of Grand Forks, 2003 ND 44, ¶ 6 n.1, 658 N.W.2d 741 (order for judgment not appealable unless there is a subsequently entered consistent judgment). An action is not complete, and is still pending, until a judgment is entered. N.D.R.Civ.P. 58(a) *28 (judgment not effective or final until entered).

Id.

the debtor with bare legal title, and assigned the homestead interest to debtor's ex-wife). The Trustee's argument is rejected.

> B. <u>The Trustee did not meet his burden of showing that Debtor abandoned her interest in homestead equity</u>.

The Trustee also argues that Debtor's conduct during the January 2012 hearing provides evidence of her intent to abandon the homestead because she expressed no desire to return to the 2510 Property, but rather asked that Mr. Wenstrom be awarded the marital home upon divorce.

Whether there was an abandonment of a homestead is a question of fact determined after considering all the facts and circumstances presented. <u>Farstveet</u>, 2000 N.D. 189, ¶ 9, 630 N.W.2d 24 (citation omitted). "Abandonment of a homestead is generally a waiver of the homestead exemption." <u>Id.</u> at ¶ 10. In <u>Farmers State Bank v. Slaubaugh</u>, 366 N.W.2d 804, 808 (N.D. 1985), the North Dakota Supreme Court outlined the law concerning the abandonment of a homestead:

> 1. The law does not favor abandonment of the homestead and the statutes must be liberally construed for the protection thereof.
> 2. When a homestead status of property has been established, the burden of proving its abandonment, by the clear and convincing preponderance of the evidence, is on the party who alleges such abandonment.
> 3. To constitute an abandonment of homestead rights removal from the premises must concur with an intention to discontinue their use as a home.

<u>Slaubaugh</u>, 366 N.W.2d at 808.

The primary element of abandonment is intent. <u>Farstveet</u>, 2000 N.D. 189, ¶ 13, 630 N.W.2d 24. A debtor's subjective intent is not a reliable indicator; therefore, courts often look to the debtor's conduct to determine the debtor's objective intent. <u>Id.</u>

7

Prior to June or July 2011, the 2510 Property was Debtor's homestead. Debtor testified that she lived there for approximately seven years with Mr. Wenstrom and her children. The pleadings from the divorce proceeding refer to the 2510 Property as homestead property, and it is not disputed that the 2510 Property was Debtor's and her husband's homestead.

Debtor's move from the 2510 Property to Bismarck as a result of marital discord, without more, is not abandonment of the homestead. Physical absence, by itself, does not constitute abandonment, but may be considered with other evidence in determining whether debtor may properly claim the homestead exempt. See Farstveet, 2000 N.D. 189, ¶ 14, 630 N.W.2d 24. Consistent with this principle, absence caused by marital strife does not necessarily equate to abandonment of the homestead. Swingle v. Swingle, 162 N.W. 912, 915 (N.D. 1917). Even the purchase of an additional dwelling does not destroy a previously established homestead without the intent to abandon. In re Morlock, 364 B.R. at 686.

The evidence shows that Debtor viewed the 2510 Property as her homestead until she and Mr. Wenstrom agreed that she would transfer title to the real property to him in return for $30,000 in equity. While it is true that, at the time the parties reached this agreement, Debtor no longer intended to live at the 2510 Property, she has consistently maintained her interest in the homestead equity. The Trustee offered no evidence that Debtor abandoned her homestead interest in this equity.[2] Because the

---

[2] During argument at the hearing on the Trustee's objection, Debtor's attorney suggested that Debtor would use the $30,000 for "self-support," which may include the purchase of clothes, gasoline, food or a down-payment on a new home. Debtor cites no law supporting the proposition that she may spend the $30,000 in homestead equity

Trustee carries the burden of proving that Debtor's exemption was improperly taken, the lack of evidence regarding her intent inures to the favor of Debtor.

Evidence produced at the hearing is consistent with Debtor's claim that the $30,000 is exempt, however.  The divorce order for judgment entered in May 2012 and the amended order entered in June 2012 both provided that "Jamie shall be entitled to and receive an award for the net homestead proceeds in the amount of Thirty Thousand Dollars ($30,000)."  Debtor's testimony together with the divorce pleadings show that the parties intended, and the state court ordered, that Mr. Wenstrom convey half of the equity in the homestead in return for transfer of title to the real estate.[3]

North Dakota law recognizes that the homestead exemption extends to homestead proceeds or value conveyed.  See N.D.C.C. §§ 47-18-05, 47-18-16. Section 47-18-16 provides:

---

on self-support expenses other than reinvesting the equity in a new home and still preserve the homestead exemption in the funds, and the Court found none.  To the contrary, North Dakota homestead law, as with homestead exemption law in other jurisdictions, supports the proposition that proceeds from a sale or conveyance of homestead property will remain exempt only if the proceeds are used, or intended to be used, to acquire another home.  See generally N.D.C.C. § 47-18-21; In re Morlock, 364 B.R. at 687; Hanrahan v. Roberts (In re Roberts), 450 B.R. 159, 172 (N.D. Iowa 2011); In re Dittmer, 2011 WL 652759, at *2 (Bankr. S.D. Iowa Jan. 12, 2011); In re Dixon, 327 B.R. 421, 423 (Bankr. E.D. Mo. 2005).  Nevertheless, the Court need not decide whether spending homestead equity on expenses unrelated to housing preserves the homestead exemption in this case because neither Debtor nor the Trustee produced evidence showing how Debtor intended to spend the $30,000 in homestead equity conveyed to her.

[3] When issuing a divorce decree, the court "may assign the homestead or such a part thereof as to the court may seem just, to the innocent party, either absolutely or for a limited period, according to the facts in the case and in consonance with the law relating to homesteads."  In re Fandrich, 63 B.R. at 253 (citing N.D.C.C. § 14-05-25, in part); Rosholt v. Mehus, 57 N.W. 783, 784 (N.D. 1894) (finding that the interests of the respective parties in the homestead should be fixed by the divorce decree).

9

> **Proceeds of sale exempt.** If a homestead is conveyed as provided in section 47-18-05 or sold for the satisfaction of any lien mentioned in section 47-18-04, the price thereof or the proceeds of the sale beyond the amount necessary to satisfy such lien, and not exceeding in either case the amount of the homestead exemption, for a period of one year from the date of the conveyance, is entitled thereafter to the same protection against legal process as the law gives to the homestead.

N.D.C.C. § 47-18-16.

The Trustee argues that section 47-18-16 preserves an exemption in homestead proceeds only if there is a sale of the property. The Court is not convinced that the statute requires a sale. Section 47-18-16 protects proceeds derived from the sale or conveyance of the homestead within the meaning of section 47-18-05, not both. See N.D.C.C. § 47-18-16. Section 47-18-05 provides:

> **Homestead – How conveyed.** The homestead of a married person, without regard to the value thereof, cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife.

N.D.C.C. § 47-18-05.[4]

As noted above, Debtor and Mr. Wenstrom agreed that Debtor would quit claim her interest in the homestead property to Mr. Wenstrom in consideration for $30,000 in "net homestead proceeds." The agreement was included in the proposed order for judgment adopted by the state court. Accordingly, this Court finds that the $30,000

---

[4] A conveyance under section 47-18-05 contemplates consent from both husband and wife to convey property to a third party, but does not require both spouses to acknowledge a transfer between the spouses. See Neuberger v. Dally, 210 N.W.2d 269, 273 (N.D. 1973). "The purpose of [section 47-18-05] is to prevent the destruction of the homestead except by the consent of both parties expressed in a joint conveyance. . . . [A] purported conveyance of homestead property by the husband to the wife is effectual, although not joined in by the wife," and the homestead remains intact. Id.

10

awarded to Debtor in the divorce decree is a conveyance of her interest in the homestead within the meaning of section 47-18-16.  These proceeds are entitled to the same protection against legal process as the law gives to the homestead, consistent with the jealously-protected and liberally-construed homestead exemption available under North Dakota law.  She is entitled to exempt her interest in this equity under section 47-18-16.

Therefore, IT IS ORDERED that the Trustee's objection to Debtor's claim of homestead exemption is OVERRULED. Debtor is granted 14 days from the date of this order to amend her homestead exemption on Schedule C to include the statutory reference to section 47-18-16.

**SO ORDERED.**

Dated this 28th day of January, 2013.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court